Gross, J.
This case presents a novel issue under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
A common factual issue in Miranda eases is whether a suspect is in custody when police interrogation begins. If a suspect is in custody, the police “are required to advise the suspect of his or her Miranda rights” before commencing interrogation. Caldwell v. State, 41 So.3d 188, 197 (Fla. 2010). It is well-settled that “Miranda warnings are not required in any police encounter in which the suspect is not placed under arrest or otherwise in custody.” Id. 198.
The defendant in this case complains that he was given his Miranda warnings prior to all questioning but before he was placed “in custody.”
The defendant voluntarily came to the police station to speak with a detective about injuries to his infant son. Before questioning the defendant, the detective fully advised the defendant of his Miranda rights. The defendant repeatedly said that he understood his rights and agreed to speak with the detective without an attorney. The questioning went on for several hours; eventually the defendant said enough incriminating things to generate the reasonable belief that he had done something to harm the child.
*720 As he argued in the motion to suppress filed below, the defendant contends that although he was not in custody at the outset of the questioning, once the interrogation became “confrontational and accusatory,” the defendant was then placed in custody, such that the detective was required to re-administer the Miranda warnings.
The point of Miranda warnings is to allow a defendant to make an intelligent and knowing waiver of his right to counsel before speaking with the police. A defendant who is not in custody at the beginning of an interrogation is better equipped to intelligently make such a waiver than a defendant who has experienced the stress of being arrested, handcuffed, transported to a police station, and locked in an interrogation room. In this case, if we assume that the defendant was not in custody pri- or to questioning, the record supports the trial judge’s conclusion that he freely and voluntarily waived his Miranda rights before questioning began and that waiver was effective even after the interrogation took on a more accusatory tone.
To agree with the defendant’s argument would be to place law enforcement in an impossible position. If given too early, before custody began, Miranda warnings would be ineffective; if given too late, a constitutional violation would arise. Where the police administer warnings at the beginning of a non-custodial interview, it is unrealistic for the law to require them to determine the magical moment when custody commences, such that the warnings must be given again,

Affirmed.

Ciklin, C.J. and Kuntz, J., concur,